IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

FILED

FEB 18 2011

WILLIAM B. GUTHRIE
Clerk U.S. District Court
By_____
Deputy Clerk

| | |
|---|---|
| MANN S. BLANTON, | ) |
| Petitioner, | ) |
| v. | ) Case No. CIV 10-021-RAW-KEW |
| JUSTIN JONES, Warden, | ) |
| Respondent. | ) |

## OPINION AND ORDER

This action is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus as barred by the statute of limitations. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Lawton Correctional Facility in Lawton, Oklahoma, attacks his conviction in Carter County District Court Case Number CF-2004-575 for First Degree Rape.

The respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d) (AEDPA). The following dates are pertinent to the motion to dismiss:

10/30/2007   Petitioner's conviction was affirmed and his sentence was modified in *Blanton v. State*, 172 P.3d 207 (Okla. Crim. App. 2007).

01/28/2008   Petitioner's conviction became final upon expiration of the 90-day period for a certiorari appeal to the United States Supreme Court.

11/04/2008   Petitioner filed an application for post-conviction relief in the Carter County District Court.

10/05/2009   The denial of petitioner's application for post-conviction relief was affirmed in *Blanton v. State*, No. PC-2009-653 (Okla. Crim. App. Oct. 5, 2009).

01/14/2010   Petitioner filed this petition for a writ of habeas corpus.

Section 2244(d) provides that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner's limitations period expired on January 28, 2009, one year after his conviction became final. *See United States v. Hurst*, 322 F.3d 1256, 1260-61 (10th Cir. 2003) (holding that the one-year AEDPA limitations period should be calculated using anniversary date method, even when intervening year includes leap year). The time his post-

2

conviction proceedings were pending, however, tolled the limitations period 336 days, extending the filing deadline to December 30, 2009. This habeas petition, filed on January 14, 2010, was untimely.

Petitioner alleges in a "motion for appeal out of time," which is attached to his petition [Docket #1 at 37-38], that because his facility went on emergency lockdown on or about November 29, 2009, he was unable to complete his petition. He also asserts he did not have access to the prison law library to copy and file his petition, and he had to rely on prison law clerks instead. He further complains his trial transcripts were kept from him to prevent him from filing a properly supported petition and to make him miss his deadline. The court construes these allegations as a request for equitable tolling.

Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available, "but only in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). "Generally, equitable tolling requires a litigant to establish two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)) (footnote omitted).

In response to petitioner's claims regarding interference with his efforts to complete and file a petition, the respondent has submitted an affidavit from Billy Gibson, Executive Assistant of the Lawton Correctional Center [Docket # 12-9]. The affidavit states that petitioner never was refused access to the courts or his legal mail, and the law library staff made daily visits to inmates, except on weekends and holidays. According to the affidavit, there is no record that petitioner made any request for legal assistance from the law library

3

between November 23, 2009, to January 15, 2010.

Petitioner argues in his response to the motion to dismiss, that (1) he never was advised of his right to file a writ of certiorari to the United States Supreme Court; (2) this habeas corpus petition was not untimely; (3) prison officials failed to answer his Requests to Staff requesting access to his trial transcripts; (4) he tried to obtain his legal materials for seven months, not just during the emergency lockdown at his facility; (5) the law library staff visited him only two or three times a week, and the visits were early in the morning, when all the inmates were asleep.

While the limitations period may be subject to equitable tolling, the court finds petitioner has not demonstrated due diligence in pursuing his federal habeas claims. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir), *cert. denied*, 525 U.S. 891 (1998). To the extent petitioner claims he did not know he could have presented his case to the Supreme Court, "it is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)), *cert. denied*, 531 U.S. 1194 (2001). In addition, his assertion that he did not have access to the prison law library, his trial transcripts, or other legal material fails to demonstrate he diligently pursued his claims. "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *Yang*, 525 F.3d at 928 (citations omitted). "[A] claim of insufficient access to relevant law . . . is not enough to support equitable tolling," *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citing *Miller*, 141 F.3d at 978).

ACCORDINGLY, respondent's motion to dismiss time barred petition [Docket #11] is GRANTED, and this action is, in all respects, DISMISSED.

IT IS SO ORDERED this 18th day of February 2011.

*Ronald A. White*
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE